Phillips v. Phillips.

## GEORGE PHILLIPS, v. HENRY D. PHILLIPS.

1. In an action of trespass *qu. cl. fr.* (originally brought before a justice and title pleaded) and the common bar pleaded, the plaintiff new assigned, setting forth the *locus in quo*, to be a certain close called "The William Smith Farm," &c. The defendant pleaded to the novel assignment, that the said close in which, &c. was the freehold of the defendant, and no part of the William Smith farm. *Held*, bad as amounting to the general issue only.

2. Under the plea of *lib. ten.* to such novel assignment, the defendant need not shew title to the farm generally: it will be sufficient for his defence if he prove title to that part, on which the alleged trespass was committed.

3. *Quære.* If the defendant after such new assignment is restricted to the plea of title?

This was an action of trespass originally commenced in the court for the trial of small causes. The plaintiff complained of a trespass upon his close, situate in the township of Lawrence, without naming the close, or setting out its abuttals. The defendant pleaded title and entered into bond pursuant to the statute.

The plaintiff thereupon commenced his action in the Supreme Court, and declared as below. The defendant pleaded the common bar as before. The plaintiff replied specially, setting out by way of new assignment the close upon which the trespasses mentioned in the declaration are alleged to have been committed as a certain close called "The William Smith Farm," and giving its abuttals:—"towards the west on lands in the possession of the said defendant," &c.

To the plaintiff's new assignment the defendant filed the following rejoinder: "And the said Henry D. Phillips as to the said replication of the said George Phillips to the plea of him the said Henry D. Phillips saith, that the said George Phillips ought not by reason of anything by him in that replication alleged, to have and maintain his aforesaid action against him the said Henry D. Phillips, because he saith that the said close or parcel of land in which, &c. in the said declaration mentioned at the said several times when, &c. was and still is a close in the township of Lawrence aforesaid, and now is, and at the several times when, &c. was the close soil and freehold of him the said Henry D. Phillips, to wit: at the township of Lawrence afore-

said, and is no part of the said William Smith Farm mentioned in the said replication of the said plaintiff—and of this he the said Henry D. Phillips, puts himself upon the country."

Mr. *C. S. Green* (with whom was Mr. *Vroom*) for the plaintiff, moved to strike out the rejoinder. Before CARPENTER and RANDOLPH, J. J.

1. Because frivolous, and that it does not answer the trespasses newly assigned. That the issue tendered is not to the title specified in the replication.

2. Because the same amounts merely to the general issue, and is a departure from the plea of title, upon which alone the defendant is bound to rely.

The plaintiff's counsel cited 2 *Chit. P.* 698, 699, &c.; 2 *Pen. R.* 693; 7 *Halst.* 357; 2 *Green* 471; 1 *Har. R.* 336; 1 *Spenc.* 146; 2 *Caines* 28; 2 *Ib.* 232.

Mr. *J. S. Green* for defendant, *contra*, cited 2 *W. Bl.* 1089; 7 *Halst.* 362; 1 *Saund.* 299; *Elm. Dig.* 282, 283.

He questioned the decision in *Tindal* v. *Tindal*, 1 *Spence.* 146.

CARPENTER, J. It is too well settled to be now questioned, that under our statute, in these actions of trespass, originating in justices' courts, the defendant having pleaded title below, must here rely upon title, provided the injury complained of appears upon the pleadings to be the same. The defendant's counsel does not deny the general principle, but excepts to the novel assignment, and questions the decision of this court in the case of *Tindal* v. *Tindal*, 1 *Spenc.* 146. He insists that the plaintiff should not be permitted to new assign, or, if permitted to new assign, that the defendant should be absolved from his obligation to adhere to his plea of title. The plaintiff, after title pleaded below, and suit brought in this court, in order to confine the defendant to his plea of title, must declare here as he declared before the justice. If he declared generally before the justice, this declaration in this court must also be general. It is certainly difficult to reconcile this rule with the decision, that after a general declaration, and the common bar pleaded, the defendant may new assign, setting out the close specifically, and yet hold the defendant to his plea of title. However that decision

may possibly be brought under review on a proper occasion, yet it is not now necessary, for the plea to the novel assignment cannot be sustained at common law and independent of the statute.

The defendant has not attempted in the ordinary mode directly to plead the general. issue, but pleads specially. Now the defendant in this action cannot plead any matter specially which amounts merely to the general issue; though in this as in other actions, it is said the court is not bound to allow this objection if it involve such special matter of law as might be unfit for the decision of the jury. *Bac. Abr.* " *Trespass* " (*I.* 2 2) ; *Steph. Pl.* 419, 421.

· The defendant to the novel assignment has pleaded that the close in which, &c. was the close, soil, and freehold of him the defendant, and that it is no part of the said " William Smith Farm " mentioned in the said replication, &c. This plea amounts only to the general issue, for the jury could not find the defendant guilty on the general issue, supposing it allowable for him to plead it, unless it be proved that he committed the alleged trespass on some part of the close described as the " William Smith Farm." In trespass, the writ was wherefore the defendant broke the plaintiff's close and cut down trees in D. The defendant justifies the trespass in s, without this, that he was guilty of any trespass in D. The court on motion struck out the special plea, and the plea of not guilty, was entered. *Draper* v. *Capper*, *Dyer* 19 *a.* Although held bad on special demurrer, yet it is said that this defect is more properly the subject of motion. *Steph. Pl.* 421 ; *Hob.* 127. The plea therefore must be stricken out, because it pleads matter specially which amounts only to the general issue.

The defendant's counsel seems to have thus pleaded because he supposed that if he pleaded *liberum tenementum* merely to the new assignment, he would fail, unless he could shew title to the farm generally. If so, he erred in this. I apprehend it is sufficient under such plea, if the defendant shew title to so much of the premises as includes the *locus in quo.* 1 *Archb. N. P.* 331 (*Law Lib. Ed.*) ; *Bassett* v. *Mitchell*, 2 *B. & Adol.* 99 ; *Smith* v. *Royston*, 8 *Mees & W.* 381. The mode in which the plaintiff has specified his close can make no difference in the application

of this principle. In the case last cited, the plaintiff described the close by name, and the defendant pleaded, *lib. tenementum*. The defendant having proved that portion of the close to be his upon which the alleged trespass was committed, under the charge of the judge, had a verdict. Upon motion for new trial on the ground of misdirection, the court held the verdict to be right, and that there was no distinction in the cases when the declaration describes the close in which, &c. by metes and bounds, or by name only. The metes and bounds in the one case, and the name in the other, serve only to define to the defendant what close it is, for trespassing on part of which, the plaintiff brings his suit. "When, therefore," says Baron Alderson, who delivered the judgment of the court, "the defendant, following the declaration, asserts in his plea that the close in which, &c. is his soil and freehold, we think his plea means, that the part of the close so described in the declaration, on which he admits that he has done the acts complained of, was his soil and freehold. By this plea therefore, he undertakes to prove two propositions—First that some part of the described close belongs to him; and secondly, that it is on this part of the close that all the acts complained of have been done. If he does this he is entitled to a verdict; if not, the plaintiff must succeed." This reasoning is equally applicable to the rejoinder by the defendant, in which he pleads to the trespasses as new assigned by the plaintiff in his replication. The defendant will succeed if he prove title to that part of what the plaintiff describes as the "William Smith Farm," on which the alleged trespass was committed, although he fail in proving any title to the rest of the farm.

RANDÓLPH, J. concurred.

CITED *in Gough* v. *Bell*, 2 *Zab.* 454–471.